(25 Misc. Rep. 740.)

### SCHROEDER v. FREDERICKS.

(Supreme Court, Appellate Term.   January 23, 1899.)

ACTION FOR LIQUIDATED AMOUNT—FINDINGS.

In an action by a tenant to recover on his landlord's agreement to pay one-half of the price of certain repairs, the cost of which is undisputed, the court, sitting as a jury, cannot give a compromise judgment, but must award plaintiff either the sum claimed, or nothing.

Appeal from municipal court, borough of Manhattan, First district.

Action by Julius H. Schroeder against John J. Fredericks. From a judgment for plaintiff, both parties appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

P. H. Loftus, for plaintiff.
William G. McCrea, for defendant.

GILDERSLEEVE, J.   Previous to September 15, 1895, the defendant held a lease of the premises No. 242 Washington street, in this city, and subleased a portion as a saloon to another party. Defendant's

lease was to expire on May 1, 1896. On September 15, 1895, plaintiff took an assignment of the lease of the saloon. He asked defendant, a few days previous, to accept him as a tenant, which defendant agreed to do. Plaintiff moved into the saloon, and had some improvements made, for which he paid $435. He swears that the defendant, when plaintiff spoke to him about having the repairs done, promised to pay half the expense, to wit, $217.50. Defendant denies that he made any such promise. The only witnesses called were the plaintiff and the defendant. The justice found in favor of the plaintiff, and fixed the amount of damages at $150. Both parties appeal.

The plaintiff claims that, as the justice found that defendant had promised to pay half the expense, he should have fixed the amount at $217.50, since the only evidence given as to the amount paid for the improvements fixed the amount at $435. The defendant claims that the judgment is against the weight of evidence, and that, even if the promise were made, it was without consideration. It is very clear that the judgment was a compromise, for which no warrant can be found in the evidence. The plaintiff was entitled to the whole amount claimed, or to nothing. We are of opinion that, under the proofs presented on this appeal, he was entitled to nothing, as there is not any testimony offered in the case upon which a consideration for the alleged promise can be predicated.

The judgment must be reversed, and a new trial ordered, with costs to the defendant to abide the event. All concur.